1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

PHILLIP E. HUGHES, SR.,

12

           Plaintiff,

13

    v.

14
15

THE UNITED STATES
DEPARTMENT OF VETERANS

16

AFFAIRS, et al.,

17

           Defendants.

18

Case No. CV 15-08206 AB (AFM)

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

19

      On October 20, 2015, plaintiff filled a *pro se* civil rights action pursuant to

20

42 U.S.C. §§ 1983, 1985, 1986.  On October 21, 2015, the Court granted his

21

application to proceed *in forma pauperis*.  Also on October 21, 2015, the Court

22

issued an Order regarding the Court's requirements for proceeding with a civil

23

rights case, including an advisement to plaintiff that the Court is presently

24

screening the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff was advised

25

that, until the Complaint has been screened and the Court has ordered that service

26

of process may occur, plaintiff may **not** proceed with service of process upon

27

defendant(s).  (See Docket No. 6.)

28

On November 19, 2015, however, plaintiff filed with the Court a document entitled "Plaintiff's Summons and Complaint Proof of Service" that appeared to indicate that plaintiff had attempted to execute service of process on at least some defendants.  This Proof of Service fails to meet the requirements of Fed. R. Civ. P. 4(i).  Should the Court determine that plaintiff's pleading may be served upon any defendant, the Court will provide plaintiff with instructions regarding service of process.

Prior to ordering service on any defendant, the Court is required to screen the Complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2) pertains to any action by a litigant who is proceeding *in forma pauperis*.  *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2)(B) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Lopez v. Smith*, 203 F.3d 1122, 1127, n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and directs "district courts to dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading.  *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015) (noting that "a preliminary screening" of a complaint filed by a litigant seeking to proceed *in forma pauperis* is "required by 28 U.S.C. § 1915(e)(2)"); *O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (citing *Lopez* and discussing a district court's "mandatory duty" to dismiss an *in forma pauperis* complaint under the criteria of 28 U.S.C. § 1915(e)(2)(B)).[1]

---

[1]  A litigant proceeding *in forma pauperis* is subjected to extra screening by the Court because, in the absence of an obligation to pay a filing fee, such litigant is

The Court's screening of the Complaint under the foregoing statute is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, although a pleading may not be dismissed simply because its factual allegations appear "unlikely," the Court may dismiss a pleading if its factual allegations "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The Supreme Court has held, however, that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are

---

"immune from the economic deterrents to filing frivolous lawsuits."  *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Because it is not clear to the Court that plaintiff will not be able to remedy the deficiencies in his claims by amendment, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than **January 22, 2016**, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

_____

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have

# I.     DISCUSSION

## A.     <u>The allegations of the Complaint fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8.</u>

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d).  Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).   Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.  No technical form is required."   Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule

---

failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

8.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

First, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3.  Pursuant to Fed. R. Civ. P. 10, the caption of the pleading must include all defendants listed in the body of the pleading.  Here, the caption of plaintiff's Complaint names as defendants the Department of Veterans Affairs ("VA"), Don Hueman, Dr. El Saden, Randy Jones, Yasmeen Yamini-Benjamin, Jenalda Happy, and Lucy Bemutez.  (Complaint at 1.)  The body of the Complaint, however, also names Luis Gameros and a "Barbara (last name unknown at present)."  (Complaint at 2.)

Second, plaintiff's Complaint alleges that all of the individual defendants are employees of the VA.  (Complaint at 2.)  Plaintiff purports to raise his first cause of action pursuant to 42 U.S.C. § 1983 (Complaint at 1, 3, 7), but he may not proceed in an action against a federal agency or its employees pursuant to § 1983, which concerns the deprivation of rights secured by the Constitution and federal laws against actions taken "under color of state law."  *See, e.g., Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (§ 1983 "provides no cause of action against federal agents acting under color of federal law").  Similarly, to the extent that plaintiff seeks to allege a claim against any defendant pursuant to the Fourteenth Amendment (*see* Complaint at 7-10), he may not raise a claim pursuant to the Fourteenth Amendment against any federal official.  *See, e.g., Erickson v. United States*, 976 F.2d 1299, 1302 n.1 (9th Cir. 1992) ("We are aware of no authority

approving a constitutional tort action against a federal official for a violation of the fourteenth amendment, which applies by its terms only to state action.")  Further, to the extent that plaintiff seeks to allege a claim against any defendant pursuant to the Fifth Amendment, which does apply to federal officials, plaintiff's Complaint fails to set forth a short and plain statement of any such claim sufficient to provide defendants fair notice of which defendant is being sued on which theory and what relief is being sought against them.

Third, to the extent that plaintiff seeks to allege any claims herein pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), it is unclear to the Court what the legal or factual basis may be for any such claim.  Plaintiff alleges that he was subjected to sexual assault during an ultrasound procedure performed on April 29, 2014, by Luis Gameros, an ultrasound technologist.  (Complaint at 4-5, 7-8.) Plaintiff then reported to or discussed the sexual assault with Dr. El Saden, Randy Jones, Barbara, Don Hueman, Jenalda Happy, Lucy Bemutez, and Yasmeen Yamini-Benjamin.  (*Id.* at 5-6.)  With respect to the defendants other than Gameros, plaintiff merely alleges that they informed him that they had interviewed Gameros (which "produced a confession"), and they "made it clear [to Gameros] that the situation was inappropriate and must not occur again." (*Id.*) Some of the defendants failed to immediately provide plaintiff with the name of the ultrasound technologist, and they failed to report the sexual assault in compliance with VA directives.  (*Id.*) However, to state a cause of action against a particular defendant pursuant to *Bivens*, plaintiff must allege that (1) a right secured by the Constitution of the United States was violated, and (2) the violation was committed by a federal actor. *See, e.g, Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  Plaintiff's Complaint fails to allege that the actions of any defendant deprived him of a right secured by the Constitution.  In addition, plaintiff appears to be seeking to hold some defendants liable based on their supervisory roles.  Yet, as the Supreme Court has emphasized, "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676.  Rather, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").  In his Complaint, plaintiff fails to set forth a short and plain statement of the actions that he alleges each named defendant took in violation of a right secured by the United States Constitution.  Accordingly, if plaintiff wishes to pursue this action, he should set forth a short and plain statement showing that each named defendant took an affirmative act, participated in another's affirmative act, or omitted to perform an act that caused the constitutional deprivation of which he complains.

Fourth, although plaintiff references discrimination in the Complaint (Complaint at 3, 12), he fails to set forth any factual allegations or legal basis for any claim of discrimination.  To the extent that plaintiff seeks to allege a claim against any defendant pursuant to the Fifth Amendment for invidious discrimination, he must allege that a "defendant acted with a discriminatory purpose" "because of" plaintiff's membership in a protected group.  *See Iqbal*, 556 U.S. at 676-77.

Fifth, in plaintiff's "First Cause of Action," plaintiff references numerous legal grounds for this one "cause of action," including § 1983, "Cal. Penal Code 240-248," the mandatory duty of various VA Directives, "due process," unidentified violations of "State and Local Laws and Statutes," a failure to train employees, the sexual assault committed against plaintiff by defendant Gameros, and the Fourteenth Amendment.  (Complaint at 7-8.)  It also is not clear which defendant or defendants plaintiff seeks to raise this "cause of action" against.

For these reasons, it is altogether unclear to the Court what federal civil rights claims plaintiff is purporting to raise, which defendants he seeks to raise what claims against, and what the legal and factual basis of each of plaintiff's claims may

be.  The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford him the benefit of any doubt.  *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants").  Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56).  In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

   The Court therefore finds that the Complaint fails to comply with Rule 8.

## B.   Plaintiff's federal civil rights claims against the VA are barred by sovereign immunity.

   Plaintiff's Complaint names the VA as a defendant.  (Complaint at 2.)  To the extent that plaintiff seeks to raise any federal civil rights claims against the VA pursuant to *Bivens,* the doctrine of sovereign immunity bars suits against the United States and its agencies.  *See, e.g., Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003) ("The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity.").  No suit may be brought against the United States or its agencies unless the United

States consents to be sued.  *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  The United States has not waived its sovereign immunity for civil rights actions brought pursuant to *Bivens*.  *See Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) ("The courts lack subject matter jurisdiction to hear constitutional damage claims against the United States because the United States has not waived sovereign immunity with respect to such claims."); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* cause of action may not be brought against a federal agency).

Accordingly, the doctrine of sovereign immunity bars plaintiff's civil rights claims against the VA.

## C.   The factual allegations in the Complaint are insufficient to state any claim pursuant to 42 U.S.C. § 1985(3).

To the extent that plaintiff's Complaint seeks to raise a claim for conspiracy to deprive him of his civil rights pursuant to 42 U.S.C. § 1985(3) (*see* Complaint at 1-3, 9-13), the factual allegations are insufficient and conclusory.

Plaintiff's Complaint alleges that seven of the defendants "agreed to cooperate, and participate in committing a wrongful/unlawful act, by (in concert) failing to discharge their mandatory duty" pursuant to VA directives and state law "for the alleged sexual assault."  (Complaint at 9.)  Plaintiff also alleges that the "employees (in concert) all stated that they did not need to follow the directive or laws that I presented to them" (*id.*), "the employees conduced a meeting of the minds" (*id.* at 10), they "continued to stand firm and protect their co-worker from lawful prosecution" (*id.*), "two of defendant's employees (acting 'under the color of state law') conspired to deprive plaintiff of its [sic] constitutional privileges and rights as a United States Citizen and Marine Corp. [sic] Veteran" (*id.* at 11), and "defendant [sic] conspired to, and did, discriminate against plaintiff by not

affording plaintiff the same protection as it provides for other VA patients and Veterans" (*id*. at 12).

In order to sufficiently allege a claim for conspiracy under § 1985(3), plaintiff must allege: (1) the existence of a conspiracy to deprive him of the equal protection of the laws, (2) an act in furtherance of the conspiracy, and (3) that he was injured in her person or property or deprived of any right or privilege of a citizen of the United States. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000).  Further, the Complaint must contain factual allegations describing the overt acts that plaintiff alleges specific defendants committed in furtherance of the conspiracy; a mere allegation of the existence of a conspiracy is insufficient to state a claim pursuant to § 1985.  *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1532 (9th Cir. 1992).  Moreover, to allege a violation of § 1985(3), plaintiff must show that the alleged conspiracy resulted from racial or class-based discriminatory animus.  *See Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000) ("A cause of action under the first clause of § 1985(3) cannot survive a motion to dismiss absent an allegation of class-based animus.").  Plaintiff's bare allegation of the existence of a conspiracy, even affording him the benefit of any doubt, is altogether insufficient to state a claim.  *See Karim-Panahi*, 839 F.2d at 626 (a claim pursuant to § 1985(3) "must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient.").

Plaintiff also seeks to raise a claim for "neglect to prevent," which appears to be raised pursuant to 42 U.S.C. § 1986.  (Complaint at 14.)  Section 1986, however, imposes liability on a defendant who "knows of an impending violation of [S]ection 1985 but neglects or refuses to prevent the violation."  Plaintiff may not state any claim pursuant to § 1986 unless he states a valid claim under § 1985, which necessarily requires an adequate allegation of class-based animus.  *See Karim-Panahi*, 839 F.2d at 626.

The Court finds that plaintiff's Complaint fails to allege any facts giving rise to a plausible inference of an agreement between any specific defendants to violate his constitutional rights because of invidious discrimination.   Accordingly, the factual allegations in plaintiff's Complaint fail to state any federal civil rights claim pursuant to § 1985(3).  If follows that plaintiff's allegations also are insufficient to state a claim pursuant to § 1986.

************

If plaintiff still desires to pursue this action, **he is ORDERED to file a First Amended Complaint no later than January 22, 2016**, remedying the pleading deficiencies discussed above.   The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Finally, plaintiff is advised that on Mondays, Wednesdays, and Fridays in the United States Courthouse located at 312 N. Spring Street in Los Angeles, a *pro se*

clinic provides information and guidance to individuals who are representing themselves (proceeding *pro se*) in federal civil actions.  The Federal Pro Se Clinic is not affiliated with the Court.  Plaintiff can obtain more information about the clinic by calling (213) 385-2977, Ext. 270, or by visiting the clinic website at http://156.131.20.221/cacd/ProSe.nsf.

**IT IS SO ORDERED**.


DATED:  December 18, 2015

_____

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

13